IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Case No. 5:19-cv-00054-BO

| | |
|---|---|
| CALAN BEASLEY,<br><br>        Plaintiff,<br><br>v.<br><br>CARSON COMMUNICATIONS GROUP, INC.,<br><br>        Defendant. | **ANSWER OF DEFENDANT CARSON COMMUNICATIONS GROUP, INC.** |

Defendant Carson Communications Group, Inc. ("Carson"), by and through undersigned counsel, responds to the correspondingly numbered paragraphs of the Complaints and states as follows:

## FIRST DEFENSE AND ANSWER

1. Denied, except it is admitted that Plaintiff purports to bring suit under the Copyright Act and the Digital Millennium Copyright Act and purports to seek damages under 17 U.S.C. § 101 et seq. By way of further response, it is expressly denied that Plaintiff is entitled to any recovery from Carson under the Copyright Act, under the Digital Millennium Copyright Act, or otherwise.

2. The allegations of paragraph 2 of the Complaint call for legal conclusions and therefore no response is required.

3. It is admitted that Carson is a North Carolina corporation with a principal place of business in Fayetteville, North Carolina and that Carson transacts business in

North Carolina.  By way of further response, it is admitted that Carson does not object to the Court's exercise of personal jurisdiction over Carson in this matter.  Except as expressly admitted, the allegations of paragraph 3 of the Complaint call for legal conclusions and therefore no response is required.

4. The allegations of paragraph 4 of the Complaint call for legal conclusions and therefore no response is required.  By way of further response, it is admitted that Carson does not object to venue in this matter.

5. Carson lacks sufficient information to respond to the allegations of paragraph 5 of the Complaint, and they are therefore denied.

6. It is admitted that Carson is a North Carolina corporation with a principal place of business in Fayetteville, North Carolina and that Carson transacts business in North Carolina.  It is further admitted that Carson owns and operates a website with the URL www.WCCG1045fm.com.  Except as expressly admitted, the allegations of paragraph 6 of the Complaint are denied.

7. Carson lacks sufficient information to respond to the allegations of paragraph 7 of the Complaint, and they are therefore denied.

8. Carson lacks sufficient information to respond to the allegations of paragraph 8 of the Complaint, and they are therefore denied.

9. It is admitted, upon information and belief, that Plaintiff registered several photographs with titles referencing XXXTentacion with the United States Copyright office on December 18, 2018, and that the submission was assigned the registration number VA

2-130-817. Except as expressly admitted, Carson lacks sufficient information to respond to the allegations of paragraph 9 of the Complaint, and they are therefore denied.

10. Denied. By way of further response, it is admitted upon information and belief that an article titled *XXXTENTACION Cancels Rest of Tour After Cousin Gets Shot* was authored by a third-party news organization, called "HipHopDX." By way of further response, it is admitted that such article was automatically selected by a WordPress plugin—WP RSS Aggregator—for publication on the wccg1045fm.com website. By way of further response, Exhibit B of the Complaint appears to be a printout of a portion of such article. Except as expressly admitted, the allegations of paragraph 10 of the Complaint are denied.

11. It is admitted that Carson and Plaintiff did not enter into a written license agreement with respect to the photograph referenced in paragraph 7 of the Complaint. Except as expressly admitted, the allegations of paragraph 11 of the Complaint are denied.

12. Carson incorporates by reference each and every response to paragraphs 1–11 of the Complaint.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Carson incorporates by reference each and every response to paragraphs 1–16 of the Complaint.

3

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

## SECOND DEFENSE

The allegations asserted in Plaintiff's Complaint fail to state a claim upon which relief may be granted against Carson and should therefore be denied and dismissed.

## THIRD DEFENSE

Carson has not infringed, and is not infringing, any valid and enforceable copyright under the Copyright Act owned by Plaintiff. Plaintiff's claims should therefore be denied and dismissed.

## FOURTH DEFENSE

Any alleged unauthorized use of the photograph referenced in paragraph 7 of the Complaint was *de minimis*.

## FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of fair use.

## SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part by an express or implied license.

## SEVENTH DEFENSE

To the extent Carson has infringed any of Plaintiff's rights in the photograph referenced in paragraph 7 of the Complaint, which purported infringement Carson specifically denies, such infringement was not willful or intentionally wrongful.

## EIGHTH DEFENSE

The claims in the Complaint are barred, in whole or in part, because Carson's infringement, if any, was innocent.

## NINTH DEFENSE

The claims in the Complaint are barred, in whole or in part, under 17 U.S.C. § 512.

## TENTH DEFENSE

Because the article and photograph referenced in the Complaint was automatically selected by WP RSS Aggregator for publication on the wccg1045fm.com website, Carson was not aware and had no reason to believe it had engaged in any act that might constitute a violation of 17 U.S.C. § 1202. Therefore, to the extent Carson violated 17 U.S.C. § 1202 in any respect, which purported violation Carson specifically denies, such violation constituted an innocent violation under 17 U.S.C. § 1203(c)(5)(A), entitling Plaintiff only to reduced or remitted damages and not to any recovery of statutory damages or attorneys' fees.

## ELEVENTH DEFENSE

Plaintiff's losses, if any, are limited to actual damages.

## TWELFTH DEFENSE

All factual allegations, characterizations, and legal conclusions that are contained, reflected, or suggested by the headings or any other non-numbered text set out or contained in Plaintiff's Complaint are expressly denied. All matters and material set out in Plaintiff's Complaint not expressly admitted in the numbered paragraphs above are expressly denied.

## PRAYER FOR RELIEF

Carson respectfully prays the Court as follows:

1. That Plaintiff's claims against Carson in this matter be denied and dismissed or otherwise barred in their entirety;

2. That judgment be entered in this matter in Carson's favor and against Plaintiff, such that Plaintiff have and take nothing on his claims against Carson;

3. For a trial by jury on all matters so triable;

4. That Carson be awarded its full costs, including attorneys' fees, under 17 U.S.C. §§ 505, 1203(b)(4), and 1203(b)(5); and

5. For entry of such other further relief as the Court deems just and proper.

Respectfully submitted, this the 25th day of October, 2019.

/s/ Charles E. Coble
Charles E. Coble
N.C. State Bar No. 25342
ccoble@brookspierce.com
Patrick Cross
N.C. State Bar No. 50646
pcross@brookspierce.com
BROOKS, PIERCE, McLENDON,
　HUMPHREY & LEONARD, LLP
P.O. Box 1800
Raleigh, NC 27602
Telephone:  919.839.0300

*Counsel for Defendant Carson Communications Group, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

This the 25th day of October, 2019.

        Respectfully Submitted,

        /s/ Charles E. Coble
        Charles E. Coble
        N.C. State Bar No. 25342
        ccoble@brookspierce.com
        BROOKS, PIERCE, McLENDON,
          HUMPHREY & LEONARD, LLP
        P.O. Box 1800
        Raleigh, NC 27602
        Telephone: 919.839.0300

        *Counsel for Defendant Carson Communications Group, Inc.*