IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Case No. 5:19-cv-00054-BO

| | |
|---|---|
| CALAN BEASLEY,<br><br>        Plaintiff,<br><br>v.<br><br>CARSON COMMUNICATIONS GROUP, INC.,<br><br>        Defendant. | REPORT OF THE PARTIES'<br>PLANNING MEETING<br>(FED. R. CIV. P. 26(f)) |

1. The following persons participated in a Rule 26(f) conference on November 18, 2019 by telephone:

    Charles Coble and Patrick Cross, representing Defendant Carson Communications Group, Inc.;

    Richard Liebowitz representing Plaintiff Calan Beasley.

2. **Initial Disclosures**. The Parties will serve their respective Rule 26(a)(1) initial disclosures within 21 days from the date the parties' Rule 26(f) conference.

3. **Discovery Plan**. The Parties propose this discovery plan:

    (a) Discovery will be needed on these subjects (subject to, without limitation, the objections noted below or otherwise discussed by the parties' counsel):

        (i) the merits of Plaintiff's claims;

        (ii) Plaintiff's alleged damages;

        (iii) the merits of Defendant's denials and defenses;

(iii) Affirmative and other defenses asserted or to be asserted by Defendant to Plaintiff's pleading against it; and

(iv) Additional claims or counterclaims asserted, or that may be asserted, by any party against another party in any pleading allowed by the Federal Rules of Civil Procedure or the Court.

Discovery may also be needed on other issues raised by the pleadings. The Parties reserve their right to object to certain discovery requests and subject areas.

(b) Dates for commencing and completing discovery:

Discovery will commence on November 18, 2019 and shall conclude on May 15, 2020.

(c) Maximum number of interrogatories by each party to another party, along with the dates the answers are due:

20 interrogatories (including discrete subparts), which shall be due within the time provided by the Federal Rules of Civil Procedure.

(d) Maximum number of requests for admission, along with the dates responses are due:

20 requests for admission (including discrete subparts), which shall be due within the time provided by the Federal Rules of Civil Procedure.

2

(e) Maximum number of depositions by each side:

   (i) For Plaintiffs—3.

   (ii) For Defendants—3.

Either party must seek leave of Court, with good cause shown, to take depositions in excess of the foregoing limits.

(f) Limits on the length of depositions, in hours:

   7 hours, unless otherwise agreed by the Parties or as ordered by the Court.

(g) Dates for exchanging reports of expert witnesses:

   (i) Reports are due on April 1, 2020.

   (ii) Rebuttal reports are due on April 22, 2020.

When a party serves an expert report, the party shall make every reasonable effort to propose at least two dates (on business days) when that expert will be available for deposition between 7 and 21 days after the report is served. If such dates are not available, the Parties will discuss whether the next-applicable expert deadline should be extended in light of this development, and reserve the right to seek Court intervention or involvement as warranted.

(j) Dates for supplementations under Rule 26(e):

   Supplementations shall be made as required under Fed. R. Civ. P. 26(e) and, in any event, no later than May 1, 2020 unless agreed otherwise by counsel or as ordered by the Court.

(i) Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:

    None.

(j) Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.

    None.

4. **Other Items**:

(a) A date if the Parties ask to meet with the court before a scheduling order:

    The Parties do not request a meeting with the court before entry of the scheduling order.

(b) Requested dates for pretrial conferences:

    The Parties respectfully request that the pretrial conference be held at least two weeks before the trial session begins and that early notice be provided.

(c; d) Final dates for both Parties to amend pleadings or to join parties:

    April 3, 2020.

(e) Final dates to file dispositive motions:

    June 12, 2020.

(f) State the prospects for settlement:

Unlikely at this time. The Parties have discussed settlement but have been unable to reach agreement.

(g) Identify any alternative dispute resolution procedure that may enhance settlement prospects and the timing of such procedure:

None.

(h) Final dates for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists:

(i) <u>28 days before</u> the pretrial conference—All Parties are to serve the pretrial disclosures required under Fed. R. Civ. P. 26(a)(3), which include witness lists, deposition designations, and exhibit lists; and

(ii) <u>7 days before</u> the pretrial conference—The Parties are to submit a proposed pretrial order to the Court.

(i) Final dates to file objections under Rule 26(a)(3):

(i) <u>21 days before</u> the pretrial conference—All Parties are to serve Rule 26(a)(3) objections and counter designations to deposition disclosures and document disclosures; and

(ii) <u>14 days before</u> the pretrial conference—All Parties are to serve Rule 26(a)(3) objections to any counter designations.

(j) Suggested trial date and estimated trial length:

Plaintiff and Defendant both currently estimate 2 days for trial. All Parties agree that the determination of any summary judgment motions will significantly affect the number of trial days needed, and that the Parties' estimates may be updated at that time. The Parties respectfully request that trial not be scheduled earlier than 60 days after the Court resolves all summary judgment motions so that pretrial disclosures, the Pretrial Order, and pretrial submissions can be properly prepared and presented to the Court.

(k) Other matters:

None.

This the 26th day of November, 2019.

/s/ Patrick Cross
Charles E. Coble
N.C. State Bar No. 25342
ccoble@brookspierce.com
Patrick Cross
N.C. State Bar No. 50646
pcross@brookspierce.com
BROOKS, PIERCE, McLENDON,
  HUMPHREY & LEONARD, LLP
P.O. Box 1800
Raleigh, NC 27602
Telephone: 919.839.0300

*Counsel for Defendant Carson Communications Group, Inc.*

/s/ Albert P. Allan
Albert P. Allan
N.C. State Bar No. 18882
alallan@allaniplitigation.com
ALLAN LAW FIRM, PLLC
409 East Boulevard
Charlotte, NC 28203
Telephone: 704-371-5605

/s/ Richard Liebowitz
Richard P. Liebowitz
RL@LiebowitzLawFirm.com
LIEBOWITZ LAW FIRM, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Telephone: 516-233-1660

(*Pro Hac Vice Forthcoming*)

*Attorneys for Plaintiff Calan Beasley*

# CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

>Seth L. Hudson
>Clements Bernard Walker
>SHudson@WorldPatents.com
>
>Albert P. Allan
>Allan Law Firm, PLLC
>alallan@allaniplitigation.com
>
>Richard P. Liebowitz
>Liebowitz Law Firm, PLLC
>RL@LiebowitzLawFirm.com
>(Pro Hac Vice Forthcoming)
>
>Attorneys for Plaintiff Calan Beasley

This the 26th day of November, 2019.

>/s/ Patrick Cross
>Patrick Cross
>N.C. State Bar No. 50646
>pcross@brookspierce.com
>BROOKS, PIERCE, McLENDON,
>HUMPHREY & LEONARD, L.L.P.
>Post Office Box 1800
>Raleigh, North Carolina 27602
>Telephone: (919) 839-0300
>Facsimile: (919) 839-0304
>Email: pcross@brookspierce.com
>
>*Attorney for Plaintiff*